## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERTEX PHARMACEUTICALS INCORPORATED<br><br>Plaintiff,<br><br>v.<br><br>FRANK GARY RENSHAW,<br><br>Defendant. | Civil Action No. 16-11912 |

## **COMPLAINT**

## **INTRODUCTION AND NATURE OF THE ACTION**

1. This is an action for breach of contract arising out of defendant Frank Gary Renshaw's ("Renshaw") breach of contract and breach of the implied covenant of good faith and fair dealing.

2. Until recently, Renshaw was employed by plaintiff Vertex Pharmaceuticals Incorporated ("Vertex") as a Senior Medical Director earning an annualized base salary of $310,000.00 as well as other compensation and benefits.

3. When he began employment with Vertex, Renshaw signed agreements in which he was provided with a lucrative sign-on bonus and relocation benefits, both of which Renshaw agreed to repay to Vertex if he voluntarily ended his employment before the first twelve months of his employment.

4. Renshaw voluntarily resigned from Vertex before completing his first twelve months of employment. Vertex subsequently demanded repayment of his sign-on bonus and

relocation benefits pursuant to the agreements between the parties. In breach of his contractual obligations, Renshaw has refused to repay Vertex.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.

6. The Court has personal jurisdiction over the Defendant because the causes of action asserted herein arise from the Defendant's transaction of business in the Commonwealth.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction.

## PARTIES

8. Plaintiff Vertex is a Massachusetts corporation with a principal place of business in Boston, Massachusetts.

9. Defendant Renshaw is an individual who, on information and belief, resides at 25 October Hill Road in Oak Ridge, New Jersey.

## FACTS

10. Vertex is a pharmaceutical company that discovers and provides breakthrough medicines to treat serious human illnesses such as cystic fibrosis.

**Renshaw's Agreements With Vertex**

11. On September 15, 2015, Vertex offered Defendant Renshaw employment as a Senior Medical Director.

12. Renshaw was expected to relocate to the Boston area, as the Senior Medical Director position for which Renshaw was hired was located at Vertex's Boston, Massachusetts headquarters.

13. Vertex's September 15, 2015 offer letter to Defendant Renshaw (the "September 15, 2015 offer letter") provided for an annual base salary of $310,000.00, a hiring bonus of $120,000.00, reimbursement for relocation expenses and other benefits and compensation, including the potential for a bonus worth 25% of his annual base salary. In relevant part, the September 15, 2015 offer letter states:

> Hiring Bonus:
> $120,000 less normal withholdings, payable with your first paycheck. If you terminate your employment voluntarily before the end of the first twelve months of employment, you will be required to repay the Hiring Bonus to the Company in full.
>
> …
>
> Relocation:
> You will be eligible for relocation benefits as per the attached relocation policy.

A copy of the September 15, 2015 offer letter is attached as Exhibit A.

14. Renshaw signed the offer letter on September 15, 2015.

15. Renshaw signed the Relocation Benefits – Reimbursement Agreement on September 15, 2015. In relevant part, the Relocation Benefits – Reimbursement Agreement states:

> I acknowledge and agree that if I resign my employment with Vertex or if I am terminated for cause … during the 12-month period immediately following my hire/transfer date, I will be required to repay Vertex for all relocation-related reimbursements made to me or payments made on my behalf by Vertex or any of its subsidiaries, as follows:
>
> - 100% during the first 12 months;
> - 50% during the second 12 months.

>In addition, any remaining relocation benefits will be forfeited.
>
>I agree to repay Vertex for all such reimbursement within thirty (30) days of the last day of employment. …
>
>To the fullest extent permitted by law, should collection activities be instituted to recover any such fees paid or incurred, I shall pay the expenses thereof, including attorney's fees and costs, in addition to such other relief as may be granted to Vertex or its subsidiaries.

A copy of the Relocation Benefits – Reimbursement Agreement is attached as <u>Exhibit B</u>.

16. Renshaw began his employment with Vertex on October 26, 2015.

17. As provided for in the September 15, 2015 offer letter, Vertex paid Renshaw a $120,000.00 hiring bonus in his first paycheck.

18. Vertex paid Renshaw $40,033.71 in relocation benefits pursuant to the Relocation Benefits – Reimbursement Agreement and the Vertex Relocation Policy.

**<u>Renshaw Voluntarily Resigns From Vertex</u>**

19. On information and belief, as early as April 2016 and possibly earlier, Renshaw began to investigate employment with companies other than Vertex.

20. On information and belief, on May 25, 2016, Renshaw arranged with a moving company to move his personal belongings from Braintree, Massachusetts back to his home in Oak Ridge, New Jersey. The date scheduled for this move was June 19, 2016.

21. On information and belief, Renshaw received an offer of employment from Hengrui Therapeutics, Inc. ("Hengrui"), located in Princeton, New Jersey, on May 13, 2016.

22. The written offer of employment from Hengrui, which was found in Renshaw's Vertex email, offered Renshaw a position as Executive Director, Oncology Clinical Research. The written offer of employment from Hengrui states that it was "targeting <u>June 13, 2016</u>" as the date for Renshaw to begin employment with Hengrui. (Emphasis in original).

23.     The written offer of employment from Hengrui states that Plaintiff's base salary would be $320,000.00, with an $80,000.00 signing bonus.

24.     Similar to the Vertex hiring bonus, the terms of the written offer of employment from Hengrui required Renshaw to "reimburse [Hengrui] for the paid amount of the signing bonus" if Renshaw left Hengrui "prior to completing a full year of service."

25.     On information and belief, Renshaw signed the Hengrui offer of employment on May 29, 2016.

26.     On June 10, 2016 Renshaw provided Vertex with a letter stating that he was ending his employment with Vertex due to a "personal/family situation." Renshaw's last day as a Vertex employee was June 17, 2016.

27.     On June 17, 2016, Renshaw sent emails from his Vertex email address to at least one professional contact stating that he had decided to leave Vertex because of a "personal family situation" requiring that he spend significant time in New Jersey.

28.     On information and belief, Renshaw is currently employed by Hengrui as the Executive Director of Medical Development.

**Renshaw Fails To Repay Vertex**

29.     Renshaw voluntarily resigned his employment with Vertex before the end of his first twelve months of employment.

30.     Renshaw was obligated to repay Vertex for the amount of his hiring bonus and relocation-related reimbursements.

31.     Vertex sent Renshaw a letter on July 12, 2016 demanding that Renshaw repay his hiring bonus and relocation-related reimbursements.

32. Renshaw has not repaid Vertex any amount for his hiring bonus and relocation-related reimbursements.

### COUNT I
### Breach Of Contract

33. Vertex restates and incorporates by reference all of the previous allegations herein as if set forth fully herein.

34. The September 15, 2015 offer letter and the Relocation Benefits – Reimbursement Agreement are both enforceable contracts.

35. Renshaw has materially breached the September 15, 2015 offer letter and the Relocation Benefits – Reimbursement Agreement, as described above and, specifically, by failing to repay his hiring bonus and relocation-related reimbursements to Vertex.

36. Vertex may learn of additional breaches of contract by Renshaw during discovery and reserves its rights to recover for any breach by the Defendant.

37. Renshaw's breach of the September 15, 2015 offer letter and the Relocation Benefits – Reimbursement Agreement has caused Vertex to suffer damages, including attorneys' fees and costs necessary to enforce these agreements.

### COUNT II
### Breach Of The Implied Covenant Of Good Faith And Fair Dealing

38. Vertex restates and incorporates by reference all of the previous allegations herein as if set forth fully herein.

39. Both the September 15, 2015 offer letter and the Relocation Benefits – Reimbursement Agreement include an implied covenant of good faith and fair dealing under Massachusetts law.

40.     Renshaw acted in bad faith and with an improper motive, as described herein, in breach of the implied covenant of good faith and fair dealing.

41.     Renshaw's actions violate the reasonable and justifiable expectations of Vertex under the terms of the September 15, 2015 offer letter and the Relocation Benefits – Reimbursement Agreement and have the effect of injuring Vertex's rights to receive the fruits of these contracts.

42.     Renshaw's breach of the implied covenant of good faith and fair dealing has caused Vertex to suffer damages, including attorneys' fees and costs necessary to enforce these agreements.

## REQUESTS FOR RELIEF

WHEREFORE, Vertex requests that this Court award the following relief:

A.     Enter judgment in favor of Vertex on all Counts in the present Complaint;

B.     Award damages to Vertex in an amount to be determined at trial;

C.     Award Vertex its costs, interest, and reasonable attorneys' fees; and

E.     Award Vertex such other relief as this Court deems just and proper.

Dated:  September 21, 2016                    Respectfully submitted,

                                              VERTEX PHARMACEUTICALS
                                              INCORPORATED
                                              By its attorneys,

                                               */s/ Sarah B. Herlihy*
                                              Sarah B. Herlihy, BBO # 640531
                                              JACKSON LEWIS P.C.
                                              75 Park Plaza, 4th Floor
                                              Boston, Massachusetts  02116
                                              Phone:  (617) 367-0025
                                              Fax:  (617) 367-2155
                                              Email: sarah.herlihy@jacksonlewis.com